UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARETT CLARK, | ) | Case No. 1:06 CV 2829 |
| | ) | |
| Plaintiff, | ) | Judge Lesley Wells |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (Regarding ECF # 23) |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff, Margarett Clark, seeks an award of $ 3,923.50 for her attorney fees and $ 48.92 for her expenses under the Equal Access to Justice Act (EAJA, 28 U.S.C. §2412(c) & (d)). This matter has been referred to the undersigned for report and recommendation. (ECF # 24).

The Court adopted the report and recommendation from the undersigned recommending reversal of the Commissioner's denial of supplemental security income with remand for reconsideration with special emphasis on the allegations of disabling symptoms due to dyspnea (shortness of breath and fatigue) pursuant to the fourth sentence of 42 U.S.C. §405(g). Under these circumstances, plaintiff did prevail. See *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Commissioner does not challenge Clark's status as a prevailing party or the timeliness of the fee application. Nor does the Commissioner argue that there are special circumstances that make the award unjust. See *Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). The Commissioner has in fact not responded to this fee request. However, the fee request must be reviewed since fees and expenses under the EAJA are not automatic.

1: 06 CV 2829                                        2

*Commissioner's Lack of Substantial Justification:*

> Analysis of the issue of substantial justification begins with the EAJA itself:
>
> > . . . Whether or not the position of the United States was substantially justified shall be determined on the basis of the record **(including the record with respect to the action or failure to act by the agency upon which the civil action is based)** which is made in the civil action for which fees and other expenses are sought. (emphasis added).
>
> 28 U.S.C. § 2412(d)(l)(B).

The burden of establishing that the position of the United States was substantially justified is on the agency. See *Scarborough v. Principi*, 541 U.S. 401, 414, 124 S.Ct. 1856, 158 L.Ed. 674 (2004); *Pierce v. Underwood*, 487 U.S. 565, 567, 101 S.Ct. 2541, 101 L.Ed.2d 490 (1988). When the government can demonstrate that its case had a reasonable basis both in law and fact, no award will be made. *Wyandotte Savings Bank v. N.L.R.B*., 682 F.2d 119, 120 (6th Cir. 1982); *Trident Marine Const., Inc. v. District Engineer of U.S. Army Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. 1985); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). "Indeed, 'Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . .'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004), quoting *Scarborough v. Principi*, 124 S.Ct. at 1866. As expressed by the Supreme Court, "the proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d at 869, *citing Pierce v. Underwood*, 487 U.S. 565, 108 S.Ct. 2541, 101 L.Ed.2d 490, 504 (1988); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). "To be 'substantially justified' means . . . more than merely undeserving of sanctions for frivolousness." *Pierce*, at 565-66; *Commissioner, INS v. Jean*, 496 U.S. 154, 158 n. 6, 110 S.Ct. 2316, 110 L.Ed. 2d 134 (1990).

1: 06 CV 2829                                    3

In this analysis, the district court must examine "both the underlying and litigation position." *Delta Engineering v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994). Where the administrative law judge has engaged in selective consideration of the evidence in denying benefits, the Commissioner's decision to defend the administrative decision in court is without substantial justification. *Howard*, 376 F.3d at 554, citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995).

The report and recommendation addressed Clark's two arguments: that the Commissioner improperly rejected Dr Grayson's opinion of disability; and, that the Commissioner's assessment of Clark's credibility was in error. The Commissioner's determination did not stray from the correct analytical format as governed by administrative regulation as interpreted through *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004). The determination contained adequate explanation to demonstrate substantial evidence supporting rejection of Dr. Grayson's opinion of disability.

However, the Commissioner erred in disregarding complaints of shortness of breath and fatigue. Clark alleged disability since January 31, 2004 due to epilepsy, heart disease, and the after-effects of a heart attack (Tr. 73-74, 77-78). The administrative law judge simply failed to perform the analysis required by Social Security's own rules and regulations for the evaluation of any subjective symptoms, including shortness of breath and fatigue. The rule is,

> An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p, 1996 WL 374186 (S.S.A.) at *1.

1: 06 CV 2829                                          4

The ALJ acknowledged Social Security Regulation (SSR) 96-7p and concluded that following this guideline leads to the conclusion that Clark's disabling symptoms and limitations cannot be accepted because she "would not experience severe or disabling pain or any other disabling symptoms" (TR. 16). The determination noted that the evidence of record contained no evidence of congestive heart failure (Tr. 15, citing Tr. 232). The Commissioner argued that shortness of breath and congestive heart failure are two common symptoms of congestive heart failure, a disease which Clark does not suffer. Even so, this argument fails to account for the lack of consideration of the alleged symptoms in the administrative determination. There is no logic behind this argument because the Commissioner cannot negate that the shortness of breath and fatigue could also be caused by the cardiac problems which Clark did suffer.

Clark stated that she continued to experience shortness of breath and fatigue due to the combination of her heart condition and her medications. When she filed her application she stated that the medications she takes make her sleepy. (Tr. 137). At the hearing Ms. Clark testified that she takes a nap three or four times a day, "Because the medicine will put me straight on off to sleep." (Tr. 421). She was also easily tired and could only do light cleaning for about an hour before she has to sit down for a while. (Tr. 419). Clark also testified that if she walks, even at a slow pace, more than a block she gets shortness of breath. (Tr. 422). The administrative law judge never addressed these symptoms other than a blanket reference to her not having "any other disabling symptoms." (Tr. 16). As evidence of her lack of credibility, the administrative law judge stated "there is no evidence of the claimant sustaining a myocardial infarction since that of January 31, 2004." *Id.* This is precisely the type of reasoning prohibited under SSR 96-7p.

1: 06 CV 2829                                              5

The Commissioner also argued that the ALJ's assessment of credibility included "pinpoint citations" to pages in the record where Clark expressly stated that she was doing better, could walk farther, and did not experience shortness of breath (Tr.16, citing Tr. 342-43, 356, 362; see also Tr. 178-79, 344 (denying shortness of breath)). However, the determination itself contains no such explication behind the reasoning.

Under similar facts in *Boyd v. Barnhart* 175 Fed.Appx. 47, 2006 WL 906635, 3 (7th Cir. 2006), a court explained in awarding attorney fees under the EAJA:

> But as this court said in *Golembiewski* [*v. Barnhart,* 322 F.3d 912(7th Cir. 2003)]-which Boyd prominently cited in his filing in the district court along with SSR 96-7p-the agency rule does not permit a credibility finding to be "implied" from the record. See *Golembiewski*, 322 F.3d at 916 ("[T]he cases make clear that the ALJ must specify the reasons for his finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony." (emphasis in original)); *Brindisi*, 315 F.3d at 788 (holding that implied credibility determination does not allow for appropriate appellate review). The ALJ's decision does not provide an explicit credibility determination, and it was unreasonable for the Commissioner to defend that decision without so much as acknowledging Boyd's argument about SSR 96-7p.
>
> Because the ALJ's decision, and therefore the Commissioner's prelitigation conduct, did not adhere to our precedent and the Commissioner's own regulations by failing to explicitly discuss Boyd's credibility, and because the Commissioner went on to defend the ALJ's decision in district court even though it lacked a reasonable basis in law for that defense, the Commissioner's position was not substantially justified. It would have been better for the Commissioner to have acknowledged the ALJ's deficient decision and sent the case back to the ALJ to make a credibility determination rather than to prolong the case.

*Boyd v. Barnhart,* 175 Fed.Appx. 47, 50, 2006 WL 906635, 3 (7th Cir. 2006) Accordingly, the Commissioner's position in the administrative determination on this point was not substantially justified nor was the Commissioner's ligation position substantially justified.

1: 06 CV 2829                                              6

*Amount of Award:*

The EAJA allows for the award of attorneys' fees "based upon the prevailing market rates for the kind and quality of the services furnished," capped at $125 per hour, "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Clark seeks an hourly fee computed at $166.25, calculated at $125.00 adjusted for the cost of living in 2007. However, a substantial amount of the hours sought were incurred in 2006. Accordingly, the hourly rate is bifurcated between $161.77 for 2006 [1] and $166.25 for 2007 and 2008. This computes to an award slightly reduced from the request in the amount of $3901.10 (5 hrs @ $161.77 + 18.6 hrs. @ $166.25).

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is recommended that Margarett Clark's application for payment of attorney fees pursuant to the Equal Access to Justice Act be granted in part and that the award be slightly reduced to $3901.10 plus expenses in the amount $48.92 for a total award and judgment under the EAJA in the amount of $3950.02.

                                                                          s/James S. Gallas

---

[1] See *Brungardt v. Commissioner of Social Sec.*, 234 Fed.Appx. 889, 2007 WL 1354722 (11th Cir.2007)

1: 06 CV 2829                              7

                                        United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: November 12, 2008